UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH RAMON DRAKEFORD,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Civil Action Number: 2:09-3024<br>related Civil Action No. 2:09-1222<br>related: Crim. No. 2:06-00162<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

MEMORANDUM OPINION[1]

I.     FACTUAL BACKGROUND AND PROCEDURAL POSTURE

Petitioner, Keith Ramon Drakeford, who was represented by counsel, admitted his

guilt to the violation "Committed another crime." In the same proceeding two other alleged

violations were dismissed. In consequence of his admission, this Court, on April 17, 2008,

determined that Drakeford was guilty, entered judgment in the criminal action, revoked the

previously imposed term of supervised release, and sentenced him to a term of 28 months

imprisonment (and supervised release under standard conditions effective upon release from

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks
to the Court's record and to authority cited herein may be inserted. No endorsement of any
provider of electronic or other resources is intended by the Court's practice of using
hyperlinks.

imprisonment). *See* Crim. No. 2:06-00162, (Dkt. No. 7). No direct appeal was filed.

On March 17, 2009, Petitioner filed a Motion to Vacate his Sentence Under 28 U.S.C. § 2255. (Dkt. No. 8; *see also* Civil Action No. 2:09-1222, (File No. 1).) The Court sent Petitioner a Miller letter pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *expressly* warned Petitioner that should he withdraw his petition and subsequently file a new habeas petition, the new newly filed petition would be subject "to the one (1) year period described by the Antiterrorism Effective Death Penalty Act ...." Civil Action No. 2:09-1222, (File No. 2). Petitioner responded by letter filed on April 13, 2009. The letter stated: "My option is to withdraw what I have currently filed, and proceed with an all inclusive Section 2255 Petition subject to [the] one (1) year, described by the Antiterrorism Effective death Penalty Act [AEDPA] in 28 U.S.C. § 2255." Civil Action No. 2:09-1222 (second set of brackets in the original), (File No. 4). The Court entered an order stating: "Petitioner, in a letter dated April 13, 2009 has chosen to withdraw his pleading and file an all inclusive Section 2255 Petition subject to the one (1) year period described by the Anti-Terrorism and Effective Death Penalty Act of 1996 ...." Civil Action No. 2:09-1222, (File No. 5). The Court's order effectively terminated the prior habeas action.

Subsequently, on June 3, 2009, Petitioner executed a new Section 2255 petition. It was filed by the Clerk of the Court on June 17, 2009. *See* Civil Action No. 2:09-3024, (Doc. No. 1). The United States, the Respondent, filed an answer on June 30, 2009. (Doc. No. 4.) Among other arguments, the Respondent asserted an affirmative defense: the petition was

untimely. (Doc. No. 4 at 5-7.) As required by the Third Circuit in *United States v. Bendolph,*

*409 F.3d 155, 165 n.15 (3d Cir. 2005)* (Van Antwerpen, J, for *en banc* court), the Court

ordered Petitioner to reply to the asserted affirmative defense. (Doc. No. 5 ("Should you fail

to file a timely reply ... your right to respond to the Respondent's timeliness argument may

be deemed waived.").) Petitioner has made no request for an extension of time in which to

file a reply, and the time for Petitioner to reply has passed.

## II.    ANALYSIS

Although habeas corpus is a federal constitutional right, the contours of that right and

the jurisdiction of the inferior federal courts to hear such actions are defined by statute. The

Anti-Terrorism and Effective Death Penalty Act of 1996 [AEDPA], Pub. L. No. 104-132,

110 Stat. 1214, established a one year filing period for a Section 2255 action.

> A 1-year period of limitation shall apply to a motion under this section. The
> limitation period shall run from the latest of --
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United
> States is removed, if the movant was prevented from making a motion by such
> governmental action;
> (3) the date on which the right asserted was initially recognized by the
> Supreme Court, if that right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As no impediment has been alleged, and as no new right has been

asserted, Sections 2255(f)(2) and (3) have no application. Likewise, Section 2255(f)(4) has

no application here: all the facts alleged in the petition were facts actually known to Petitioner (or facts he could have known had he exercised due diligence) prior to his sentencing. His conviction became final fourteen calendar days after judgment was entered and the time for filing an appeal had expired. *See* 28 U.S.C. § 2255(f)(1); Fed. R. App. P. 4(b)(1)(A)(i) (as amended, eff. Dec. 1, 2009) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of ... the entry of either the judgment or the order being appealed ....");[2] *United States v. Kapral*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). Judgment of conviction was entered on April 17, 2008. His conviction became final after the time for appeal expired on May 1, 2008, because, here, an appeal was never sought. The limitations period ran from May 1, 2008 to May 1, 2009. The instant petition was executed on June 3, 2009, (Doc. No. 1 at 6), and mailed that day or some time thereafter. *See genearlly Houston v. Lack*, 487 U.S. 266, 276 (1988) (discussing prison mailbox rule). It was therefore outside of the limitations period.

Moreover, as indicated above, Petitioner was put on express notice of the one year limitations period. *See* Civil Action No. 2:09-1222, (File No. 1 (Miller letter); File No. 5

---

[2] Under the pre-December 1, 2009 version of Federal Rule of Appellate Procedure 4, a 10 day period (discounting Saturdays, Sundays, and legal holidays), rather than the current 14 calendar day period applied. Nothing in this opinion hinges on this distinction.

(Order terminating first-filed Section 2255 action)). Indeed, Petitioner's response to the Court's Miller letter indicated that he understood the one year limitations period. *See* Civil Action No. 2:09-1222, (File No. 4 (Petitioner's response)). In this situation, the Court sees no reason to assume that the Petitioner was misled by the Court's Miller letter or to apply any equitable tolling doctrine. *See generally Pliler v. Ford*, 542 U.S. 225, 234-35 (2004) (O'Connor, J., concurring); *Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir.2002) (discussing equitable tolling principles in the AEDPA context).

III.   **CONCLUSION**

For the reasons elaborated above, the Court **DENIES** Petitioner's petition.

An appropriate Order accompanies this memorandum opinion.

s/ William J. Martini
**William J. Martini, U.S.D.J.**

**DATE**: **January 11, 2010**